IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ERIK ALLAN JANSSON, §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>TRADER JOE'S COMPANY §<br>*Defendant.* § | Civil Case No. _____<br>JURY |

**PLAINTIFF, ERIK ALLAN JANSSON'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, Erik Allan Jansson, files this original complaint against Defendant, Trader Joe's Company, and in support thereof, respectfully shows the following:

**I.**
**PARTIES**

1. Plaintiff, Erik Allan Jansson ("Plaintiff"), is an individual residing at 7313 Connecticut Ave, Sarasota, Florida 34243.

2. Defendant, Trader Joe's Company ("Defendant"), is a corporation organized under the laws of California, with its principal office at 800 South Shamrock Avenue, Monrovia, California 91016. Service may be perfected upon its registered agent Paracorp Incorporated 2804 Gateway Oaks Drive #100, Sacramento, CA 95833

**II.**
**JURISDICTION**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Defendant because Defendant purposefully availed itself of the State of Florida by selling and distributing the subject product to a Florida resident.

5. Defendant had sufficient minimum contacts with Florida to satisfy constitutional due process requirements.

### III.
### VENUE

6. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

### IV.
### FACTS

7. On or about April 26, 2024, Plaintiff purchased a Tin Mango Tangerine Scented Candle (the "Product") from UTC Trader Joe's QA-107873.

8. Trader Joe's Company commissioned the production of the candles and later distributed and sold them to consumers on a large scale.

9. Below is an image of the candle model sourced from the Trader Joe's website.



2

10. Plaintiff purchased the candle from Trader Joe's #76 in Sarasota, FL, as shown in the receipt below.

```
04/26/24    PURCHASE AUTHORIZED ON 04/26 TRADER JOE S #76 TRADER J SARASOTA FL
            P584118010392200 CARD 2880
04/26/24    PURCHASE AUTHORIZED ON 04/25 APEX TRADER FUNDIN 855-2739873 TX
            S584116509124993 CARD 2880
```

A. **The Incident**

11. On September 8, 2024, Plaintiff started painting his bathroom in his Bradenton Beach, Manatee County, Florida home.

12. Plaintiff lit the Product in compliance with the Product's warnings and with due care, then placed it in the bathroom while he worked.

13. Suddenly, without warning, the Product hyper-combusted, causing a large and intense flame.

14. The force of this flame caused the Product to move.

15. The Product struck both of Plaintiff's arms before the wax fell onto his face, causing Plaintiff extreme pain.

16. Plaintiff suffered second-degree burns on his hands and face.

17. The Product did not have any warning labels as to the possibility of it exploding or the flame spreading beyond the wick.

18. The warning label on the bottom of the Product was very small and only provided a general advisory to burn within sight and away from anything that could catch fire in the surrounding area.

19. Additionally, the warning only mentioned being aware of smoke coming from the wick; it did not reference the possibility of the fire spreading beyond the wick or the Product exploding.

20. As a result of his interaction with the product, Plaintiff suffered significant personal injuries and various other damages.

21. Even when used as directed, the Product posed an unreasonable risk of harm to Plaintiff.

22. Plaintiff followed the limited warnings on the small label at the bottom.

23. There were no warnings advising against the actions he took.

24. Plaintiff did not modify the Product in any way.

**B. The Recall**

25. Defendant Trader Joe's included the mango tangerine candle as part of their summer collection, selling it previously in June of 2023.

26. It was reintroduced to the market in June of 2024.

27. On June 27, 2024, a recall notice was initiated.

28. A formal recall was not issued until August 15, 2024, when the Consumer Product Safety Commission recall was announced, along with instructions for refunds or gift cards.

29. Between the period when Defendant Trader Joe's reintroduced the candle model and the initiation of the formal recall, Trader Joe's had already sold more than 650,000 units nationwide.

**C. Consumer Reviews**

30. The following are comments regarding the hazard of the candle model from the internet.



**Nemonce** · 1y ago

Just had a terrible experience with this candle in which it melted the entire top layer of wax in mere moments, caught itself on fire, and stunk up my whole house. Incredibly unsafe, good to see its being recalled.

15   Award   Share



**futuremonroe** · 1y ago

literally almost burned my house down the other day with this candle

20   Award   Share



**Basic__User** · 1y ago

This happened to me! Had to slide a plate over it to put it out.

19   Award   Share



**gryffindor_aesthetic** · 1y ago

One of the cashiers made a comment to me a few months ago that one of the candles almost caught fire because the flame was feet high! Must be a universal issue. Def won't be buying them anymore

11   Award   Share



**r/traderjoes** · 4 yr. ago
**carmdoggie666**

## Mandarin tangerine candle almost burnt my friends house down.

Yes I am aware that candles are flames and to keep them away from flammable items. That being said, this small tin candle from Trader Joe's went up in complete flames today... as in, the entirety of the candle wax combusted and burned like a small bonfire. We had to cover it with a tin to get it to go out because the container was too hot to pick up and the flame too big to blow out. If I hadn't seen it right away it would have lit other items on the table on fire.



**tinybeef** · 3y ago

Yes! Those tiny candle tins can turn into fireballs when they get to the end of the wick!!

It feels really wasteful, but I just started calling them done at like 3/4 through to avoid surprise fire incidents :/

3





31.     Further evidence from the same subreddit solidifies Defendant's long-standing awareness of this critical defect.

32.     A consumer's recent account details the tin can candle burning to the bottom, igniting and burning through the tin, and damaging the underlying dresser.
6

33. Crucially, a thread from four years prior describes identical circumstances with the same scented candle.

34. Defendant knew or should have known of the serious risk of harm posed by the Product before selling it to Plaintiff.

D. **Plaintiff's Injuries**

35. As a result of the defective product, the plaintiff suffered significant burns across his hands, arms, and face, as shown in the following photographs.






36. Mr. Jansson has faced significant physical and mental harm as a result of his injuries.

37. The burns have caused him physical limitations that have impacted his activities of daily living and activities of leisure.

## V.
## CAUSES OF ACTION

**COUNT ONE – PRODUCTS DEFECT**

**A. Design Defect**

38. Plaintiff incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

39. The Product was unreasonably dangerous, even with its intended and reasonably foreseeable use.

40. The wax for the Product was dangerously flammable and combustible.

41. The propensity of the wax to cause a hazardous inferno made the Product design unreasonably dangerous to an ordinary and prudent user, including Plaintiff.

42. The wicks used for the Product were also improperly sized, contributing to the excessive flames.

43. The defective design of the Product could have been fixed using technology available to Defendant at the time of the manufacture and sale of the Product.

44. There was a safer alternative design for the Product that would have prevented or significantly reduced the risk of injury, which was economically and technologically feasible by Defendant by the time the Product left Defendant's control.

45. Despite knowledge of the defective design of the Product, Defendant took no steps to remedy the defects or to warn of its dangerous propensities prior to selling the Product to Plaintiff.

46. Accordingly, the Product was defectively designed, and the design defect was a proximate cause of Plaintiff's injuries and damages.

**B. <u>Marketing Defect and Failure to Warn</u>**

47. Plaintiff incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

48. Neither the Product nor its packaging contained any instructions or warnings that the flame could burn with the intensity or the dangerous manner that it did, or that the wax was volatile and dangerously combustible while stationary or moved.

49. Defendant failed to give adequate instructions and warnings of the Product's defects that were known, or by the application of reasonably developed human skill and foresight should have been known, by Defendant.

50. Defendant placed the Product into the stream of commerce without proper instructions, notices, or warnings concerning the defective conditions of the Product.

51. Defendant's failures rendered the Product unreasonably dangerous as marketed, and the defective marketing was a proximate cause of Plaintiff's injuries and damages.

### C. Manufacturing Defect

52. Plaintiff incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

53. Upon information and belief, the Product was manufactured defectively by the Defendant.

54. The wax mixture was defective in that it was overly flammable and caused a large and dangerous fire, even when being used exactly as intended and in a reasonably foreseeable way, which caused an explosion.

55. A defective mixture of oil and wax and/or a defective component of the oil/wax mixture likely caused the flash point of the Product to be reduced, making it easier to hyper-combust.

56. Defendant's manufacturing failures rendered the Product unreasonably dangerous, and the defective manufacturing was a proximate cause of Plaintiff's injuries and damages.

57. Defendant is strictly liable to Plaintiff for the damages he sustained from the defective product.

**COUNT TWO – NEGLIGENCE**

58. Plaintiff incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

59. Defendant had a duty to Plaintiff to act as a reasonable designer, manufacturer, and retailer would in the same or similar situation.

60. Defendant breached that duty by failing to exercise due care in the manufacturing, designing, manufacturing, marketing, and selling of the defective Product to Plaintiff.

61. Defendant's breach of duty was a proximate cause of Plaintiff's injuries and damages.

## VI.
## DAMAGES

62. Plaintiff incorporates the preceding paragraphs of this Complaint by reference as if fully set forth herein.

63. As a direct and proximate result of Defendant's negligent, reckless, and wanton actions, and a defective product, Plaintiff suffered serious injuries.

64. Accordingly, Plaintiff brings suit for the following damages:

   a. Past and future medical expenses;

   b. Past and future physical pain;

   c. Past and future mental anguish;

   d. Past and future physical impairment;

   e. Past and future physical disfigurement;

   f. Past and future lost wages and earning capacity;

   g. Pre- and post-judgment interest;

   h. Costs of court; and

      i.  Any and all damages to which Plaintiff may be justly entitled under the law.

## VII.
### INTEREST

65.    Plaintiff seeks pre-judgment and post-judgment interest as authorized by law. Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law.

## VIII.
### PRESERVATION OF EVIDENCE

66.    Plaintiff hereby requests and demands that Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, and the resulting damages, including sales and shipping records, manufacturing records, machines, materials, and schematics used in manufacturing, including from their inhouse and contracted manufacturers, distributor records, customer messages, customer complaints relating to the same candle model, internal memoranda relating to the candle and this incident, and any other documents, electronic file, or material thing that might be related to the Candle, the incident, Plaintiff, and this lawsuit.

## IX.
### JURY DEMAND

67. Plaintiff respectfully requests trial by jury.

## X.
### PRAYER

For the reasons stated herein, Plaintiff, Erik Allan Jansson, respectfully requests that Defendant Trader Joe's Company be cited according to law to appear herein, and that upon final trial, Plaintiff have judgment against Defendant for those damages described in the foregoing and in the full amount by law, together with pre-judgment interest and post-judgment interest at the

legal rate and for costs of court, and for such other further relief to which Plaintiff may be justly entitled.

                                              Respectfully submitted,

                                              **/s/ Andi Kasimati**
                                              Solomon, Maharaj & Kasimati, P.A.
                                              5005 W. Laurel Street
                                              Suite 216
                                              Tampa, FL 33607
                                              FL Bar No. 1007984
                                              Andi@smkfirm.com